YM

FILED
JANUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 416

JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE KEYS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORRIS FIDDLER, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, M-QUBE, INC., a Delaware corporation, and VERISIGN, INC., a Delaware corporation,<br><br>    Defendants. | Case No.<br><br>NOTICE OF REMOVAL<br>UNDER 28 U.S.C. §§ 1332(d) and 1453(b) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS:

PLEASE TAKE NOTICE that Defendants m-Qube, Inc. and VeriSign, Inc. (hereinafter "m-Qube Defendants") hereby remove to this Court the action originally commenced in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, entitled "MORRIS FIDDLER, individually and on behalf of a class of similarly situated individuals, Plaintiff v. AT&T MOBILITY, LLC d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, M-QUBE, INC., a Delaware corporation, and VERISIGN, INC., a Delaware corporation," Case Number 07 CH 37212, filed on December 17, 2007. In support thereof, the m-Qube Defendants state the following:

**SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION**

1.    Plaintiff purports to represent an Illinois state-wide class of wireless telephone subscribers who allegedly have suffered and continue to suffer harm in the form of unauthorized charges for certain mobile content services. Plaintiff avers that Defendants, including the m-Qube Defendants, charged individual members of the alleged class for mobile content services without the class member's authorization. Plaintiff further alleges that Defendants, including the

1

m-Qube Defendants, have unjustly received and retained money belonging to the putative class, and Plaintiff asserts that Defendants' actions in this regard constitute unjust enrichment. Plaintiff also claims that Defendants, including the m-Qube Defendants, intentionally interfered with the contractual relationship between members of the purported nationwide class and their wireless carriers. Finally, Plaintiff asserts that Defendants' alleged conduct, including the actions of the m-Qube Defendants, constitutes "computer tampering" in violation of 720 ILCS 5/16D-3.

2. Plaintiff Morris Fiddler has brought this action as a putative class action, on behalf of two classes. The "carrier class" is defined as:

> consisting of all AT&T wireless telephone subscribers in Illinois who suffered losses or damages as a result of AT&T billing for mobile content products and services not authorized by the subscriber . . . .

(Compl. ¶ 43.)

The "aggregator class" is defined as:

> Consisting of all wireless telephone subscribers in Illinois who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of m-Qube and/or VeriSign not authorized by the subscriber . . . .

*Id.*

3. Plaintiff's Complaint seeks declaratory relief, compensatory damages, exemplary damages, injunctive relief, and attorneys' fees. (Compl., Prayer for Relief.)

4. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA"), which grants federal courts jurisdiction over qualifying actions in which there is minimal diversity, there are 100 or more class members, and the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied in this case in that at least one member of the putative Illinois class is a citizen of a State different from at least one defendant. The class size requirement of 28 U.S.C. § 1332(d)(5)(B) is also satisfied because the number of alleged class members exceeds 100. Finally, the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because

the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs.

5. The Circuit Court of Cook County, Illinois is located within the United States District Court for the Northern District of Illinois. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. By removing this action to this Court, the m-Qube Defendants do not waive any defenses, objections, or motions available to them under state or federal law. The m-Qube Defendants expressly reserve the right to require that Plaintiff's claims and the claims of the putative class be decided on an individual basis through arbitration.

## STATE COURT FILINGS

7. On December 17, 2007, Plaintiff commenced the instant action by filing a Complaint in the Circuit Court of Cook County, Illinois. A true and correct copy of the Complaint is attached hereto as Exhibit A. The action was designated as Case No. 07 CH 37212.

8. Copies of the Complaint and Summons were served on the m-Qube Defendants' agent for service of process on December 21, 2007. A true and correct copy of the Summons is attached hereto as Exhibit B.

9. Exhibits A and B are the only documents that the m-Qube Defendants believe to be contained in the state court file.

## TIMELY REMOVAL

10. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is "filed within thirty days after the receipt by [Defendants], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

11. The remaining defendant, AT&T Mobility, was served on December 31, 2007.

## NO JOINDER NECESSARY

12. No other defendants are required to consent to this Notice of Removal. *See* 28 U.S.C. § 1453(b).

## NOTICE OF REMOVAL

13.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for the Circuit Court of Cook County, Illinois, and Plaintiff's counsel is being duly served with written notice of the removal.

## THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332(d)(2)

14.     This Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. §§ 1332, 1453, which grants federal courts jurisdiction over qualifying actions in which there is minimal diversity, there are 100 or more class members, and the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). *See Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). It may be removed to this Court by the m-Qube Defendants pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b).

**Diversity-Of-Citizenship**

15.     Plaintiff Morris Fiddler is alleged in the Complaint to be a resident of Illinois. (Compl. ¶ 2.)

16.     The members of the putative classes described in the Complaint are alleged to be citizens of Illinois. Specifically, Plaintiff Morris Fiddler has brought this action as a putative class action, on behalf of two classes. The "carrier class" is defined as:

> consisting of all AT&T wireless telephone subscribers in Illinois who suffered losses or damages as a result of AT&T billing for mobile content products and services not authorized by the subscriber . . . .

(Compl. ¶ 43.)

The "aggregator class" is defined as:

> Consisting of all wireless telephone subscribers in Illinois who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of m-Qube and/or VeriSign not authorized by the subscriber . . . .

4

*Id.*

17. Defendant m-Qube, Inc. is alleged to be a Delaware corporation with its principal place of business in California. (Compl. ¶ 4.) In fact, Defendant m-Qube's principal place of business is in Massachusetts, but regardless, Defendant m-Qube, Inc. is not a citizen of Illinois.

18. Defendant VeriSign, Inc. is alleged to be a Delaware corporation with its principal place of business in California. (Compl. ¶ 5.) Defendant VeriSign, Inc. is, therefore, a citizen of Delaware and California and is not a citizen of Illinois.

19. Defendant AT&T Mobility is alleged to be a Delaware corporation with its principal place of business in Georgia. (Compl. ¶ 3.) Accordingly, it is a citizen of Delaware and Georgia and not of Illinois.

20. The requirements for diversity-of-citizenship set forth in 28 U.S.C. § 1332(d)(2)(A) are thus established. Plaintiff Fiddler is a citizen of a state (Illinois) that is different from the state of citizenship of Defendants m-Qube, Inc. (Delaware and Massachusetts) and AT&T Mobility (Delaware and Georgia). Therefore, diversity-of-citizenship exists between the parties pursuant to 28 U.S.C. § 1332(d)(2)(A).

**Class Action Consisting of More Than 100 Members**

21. Plaintiff purports to represent two classes of Illinois citizens: a carrier class "consisting of all wireless telephone subscribers who suffered losses or damages as a result of AT&T billing for mobile content products and services not authorized by the subscriber" and an aggregator class "consisting of all wireless subscribers in Illinois who suffered losses or damages as a result of incurring charges on their cellular telephone bills form or on behalf of m-Qube and/or VeriSign not authorized by the subscriber." (Compl. ¶ 43.) Plaintiff alleges that "m-Qube and VeriSign have in Illinois registered *numerous* transactions and processed *significant* amounts of dollars in transactions over recent years." (Comp. ¶ 20.) Plaintiff further alleges "AT&T has *for years* been *systematically, repeatedly*, and without authorization, billing its customers for purchase of products and services not agreed to by those customers." (Compl. ¶

5

31.) Based on these and other allegations, the aggregate number of class members in Plaintiff's alleged class is greater than 100 for the purposes of 28 U.S.C. § 1332(d)(5)(B).

**Amount-In-Controversy**

22. The amount-in-controversy requirement of Section 1332(d)(2) is satisfied because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.

23. Plaintiff alleges that AT&T has "[f]or years been systematically, repeatedly and without authorization billing its customers for purchase of products and services not agreed to by those customers. AT&T and third-party service providers have . . . profited *significantly* through this practice." (Compl. ¶ 31.) (emphasis added). Plaintiff further alleges m-Qube and VeriSign have improperly "collect[ed] *significant* sums of money in authorized mobile content charges." (Compl. ¶ 61.) Indeed, Plaintiff alleges that "a substantial part of mobile content 'sales'" are obtained through misleading means. (Compl. ¶ 13.)

24. Plaintiff has sued three separate defendants, asserted multiple theories of liability, and seeks a range of broad and far-reaching relief, including compensatory damages, exemplary damages, injunctive relief, and attorneys' fees. In addition, plaintiff seeks recovery for "lost time," "lost storage space, connectivity, and computing resources" in connection with its claims. (Compl. ¶ 74.) In addition to these damages that might be directly tied to the allegations, plaintiff seeks "disgorgement of all fees obtained while these violations were ongoing," (Compl. ¶ 75.), which presumably encompasses even fees not paid by class members.

25. Although the m-Qube Defendants deny that they have any liability to Plaintiff or the putative class, and they further deny that any such class could be properly certified under Fed. R. Civ. P. 23,[1] Plaintiff seeks to require the m-Qube Defendants to pay compensatory and exemplary damages as relief to the putative statewide class for a period of "years," as Plaintiff alleges, of "systematic[] [and] repeated[]" conduct. (Compl. ¶ 31.) In addition, Plaintiff and the

---

[1] By removing this action under CAFA, the m-Qube Defendants do not concede that they have any liability, let alone liability greater than $5 million, to Plaintiff and members of the putative class. *See, e.g.*, *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006).

putative class seek injunctive relief (*see* Compl., Prayer for Relief ¶ i.), which would involve additional costs of compliance. Plaintiff and the putative class also allege that they are entitled to an award of attorneys' fees. (*See* Compl., Prayer for Relief ¶ g.) All told, Plaintiff seeks to recover "economic, monetary, actual, consequential, and compensatory damages," exemplary damages, costs and attorneys' fees, pre- and post-judgment interest, and injunctive relief from the m-Qube Defendants.

26. Although the complaint is not precise in terms of the damages the plaintiffs seek or how those damages might be measured, the total amount of any award against the m-Qube Defendants and in favor of Plaintiff and the proposed statewide class would appear to be substantial. In addition, the m-Qube Defendants' cost of complying with an award of injunctive relief on the claims alleged in the Complaint would appear to be substantial.

27. VeriSign has delivered premium content to cellular customers with Illinois area codes during the period covered by these claims for which those customers have been charged well in excess of $5 million. On the face of Plaintiff's allegation that Defendants' conduct has been systematic and repeated, it appears that Plaintiff seeks to recover against m-Qube a substantial portion of the retail value of the traffic it has carried in to Illinois consumers. The alleged aggregate amount in controversy with respect to the m-Qube Defendants alone exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

28. Plaintiff also seeks relief from Defendant AT&T Mobility under similar causes of action pleaded as to the m-Qube Defendants. The relief sought by Plaintiff and the putative class from Defendant AT&T Mobility is likely to be as extensive as the relief sought separately from m-Qube and VeriSign, and the total amount of any award and of complying with an award of injunctive relief would appear to be substantial.

29. If the defendants' aggregate amounts in controversy are taken together in the aggregate, the total well exceeds the sum or value of $5 million. *See, e.g., Kearns v. Ford Motor*

7

*Co.*, No. CV 05-5644, 1005 U.S. Dist. LEXIS 41614, at *19 (C.D. Cal. Nov. 21, 2005) (finding that aggregation under CAFA "run[s] across all defendants").

      30.     Plaintiff also seeks relief for "exemplary damages." (Compl., Prayer for Relief ¶ e.) Exemplary or punitive damages are considered part of the amount in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512-513 (7th Cir. 2006) (including punitive damages in analyzing amount in controversy). Under Illinois law, courts have held that for the purposes of assessing the amount in controversy, punitive damages are properly estimated at two to three times compensatory damages. *See Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757 (S.D. Ill. 2006) (finding amount in controversy satisfied under CAFA in view of "a constitutionally permissible award of punitive damages in a ratio of two or three times" out-of-pocket damages). The m-Qube defendants believe that no damages, compensatory or exemplary, should be awarded in this case, however, for the purposes of this amount in controversy requirement, claimed exemplary damages may be considered.

      31.     Plaintiffs also seek an award of attorneys' fees. (Compl., Prayer for Relief ¶ g.) This amount is also included in the amount in controversy calculation. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 2002 (1933); *see also*, *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2006 U.S. Dist. LEXIS 2129 (N.D. Ill. Jan. 18, 2006) (finding 25% of net recovery to be median fee award).

      32.     The amount placed in controversy requirements set forth in 28 U.S.C. § 1332(d)(6) are thus established.

## THIS CASE DOES NOT FALL UNDER THE DISCRETIONARY EXCEPTION CONTAINED IN 28 U.S.C. § 1332(d)(3)

      33.     The discretionary exception outlined in 28 U.S.C. § 1332(d)(3) does not apply because, among other reasons, there is complete diversity between the class and the defendants. The defendants are not citizens of the state in which the action was brought as the exception requires.

## NO BASIS EXISTS FOR THIS COURT TO DECLINE TO EXERCISE JURISDICTION UNDER 28 U.S.C. § 1332(d)(4)

34.     The Court cannot decline jurisdiction under Section 1332(d)(4), among other reasons, because none of the primary defendants are citizens of the state of Illinois.  *See* Section 1332(d)(4)(B).

35.     Thus, neither Section 1332(d)(4)(A) nor (B) applies, and because they do not apply, there is no basis for remand.

## THIS CASE DOES NOT FALL UNDER ANY EXCEPTION TO REMOVAL OF CLASS ACTIONS PURSUANT TO 28 U.S.C. § 1453(d)

36.     The Complaint does not contain a claim concerning a covered security as defined under Section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) or Section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)).

37.     The Complaint does not contain a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise, nor does it arise under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized.

38.     The Complaint does not contain a claim that relates to the rights, duties (including fiduciary duties), or obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) or the regulations issued thereunder).

WHEREFORE, the m-Qube Defendants respectfully remove this action now pending against them in the Circuit Court of Cook County, Illinois, to this Honorable Court.

Dated: January 18, 2008

Respectfully submitted,

M-QUBE, INC. and VERISIGN, INC.

By: /s/ Bart T. Murphy

One of Their Attorneys

**Attorneys for**
**Defendants m-Qube and VeriSign**

Bart T. Murphy, Esq. (#6181178)
Jenée M. Straub, Esq. (#6270698)
ICE MILLER LLP
2300 Cabot Drive
Suite 455
Lisle, Illinois  60532
630.955.0555
630.955.0662 (facsimile)

Of Counsel:

James L. Cooper, Esq.
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC  20004-1206
202.942.5000
202.942.5999 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of January, 2008, a copy of the foregoing has been electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will send notification of such filing to the following:

jedelson@kamberedelson.com

mmcguire@kamberedelson.com

john@blimlaw.com

and I certify that I mailed a copy of same by U.S. Postal Service to:

Jay Edelson
Myles McGuire
John Blim (of counsel)
KamberEdelson, LLC
53 W. Jackson Blvd.
Suite 1530
Chicago, Illinois  60604


By: /s/ Bart T. Murphy
ICE MILLER LLP


C/61690.1