JAY EDELSON
MYLES MCGUIRE
ELIZABETH MACKEY (*PENDING PRO HAC VICE*)
JOHN BLIM (Of Counsel)
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610


ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MORRIS FIDDLER, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, M-QUBE, INC., a Delaware corporation, and VERISIGN, INC., a Delaware corporation,<br><br>    Defendants. | ) Case No. 08 CV 416<br>)<br>) **PLAINTIFF'S NOTICE OF**<br>) **MOTION AND MOTION TO**<br>) **REMAND**<br>)<br>)<br>) Hearing Date: Mar. 11, 2008<br>) Time:  9:00 a.m.<br>) Dept.:  Ctrm. 1903, 19th Flr.<br>)<br>) Hon. Samuel Der-Yeghiayan<br>)<br><br> **CLASS ACTION** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on March 11, 2008, at 9:00 a.m., in Courtroom 1903 of the above-entitled Court, Plaintiff Morris Fiddler, individually and on behalf of a class of similarly situated individuals, will appear before the Honorable Samuel Der-Yeghiayan, and then and there present his Motion to Remand:

1. Pursuant to the provisions of 28 U.S.C. § 1447(c), Plaintiff moves to have this case remanded to the Circuit Court of Cook County, Illinois. Defendants' removal of this case from that court to this Court was improper and contrary to well-established law on the subject. This Court lacks subject-matter jurisdiction over the case. The case should be forthwith remanded to the Circuit Court of Cook County, Illinois.

2. The burden is on Defendants to show by a preponderance of the evidence that removal is proper, and they cannot sustain that burden. Defendants suggest two bases for jurisdiction in this Court to support removal: (a) CAFA (28 U.S.C. §§ 1332(d) and 1453), and (b) supplemental jurisdiction under 28 U.S.C. § 1367 (a). As is set forth in Plaintiff's contemporaneously-filed Memorandum In Support Of Plaintiff's Motion To Remand, neither basis can be countenanced. Defendants fail to satisfy their burden of proving that claimed damages are in excess of $5 million as required for CAFA removal, and, as a matter of law, Defendants cannot rely upon 28 U.S.C. § 1367(a) to support jurisdiction in this Court.

3. Plaintiff incorporates herein by reference his Memorandum In Support Of Plaintiff's Motion to Remand. This Motion will be based on this Notice and Motion, and the supporting Memorandum filed herewith, and on the files and records of this Court, and such argument as may be permitted at the hearing.

WHEREFORE, it is respectfully requested that this Court forthwith remand this action to the Circuit Court of Cook County, Illinois, from whence it was improperly removed, and to award Plaintiff any additional relief as deemed necessary.

Respectfully submitted,

Dated: February 1, 2008

KAMBEREDELSON, LLC

By: /s/ Myles McGuire
MYLES MCGUIRE
One of the Attorneys for Morris Fiddler,
individually and on behalf of a class of
similarly situated individuals