**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MORRIS FIDDLER, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08C416 |
| v. | ) ) | Judge Der-Yeghiayan |
| AT&T MOBILITY LLC, d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, M-QUBE, INC., a Delaware corporation, and VERISIGN, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANT AT&T MOBILITY LLC**
**TO COMPEL ARBITRATION AND DISMISS CLAIMS**

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, defendant AT&T Mobility LLC ("ATTM") respectfully moves this Court for an order (i) compelling Plaintiff Morris Fiddler to pursue his dispute with ATTM in arbitration or small claims court and (ii) dismissing all claims against ATTM. This Motion is based upon this Motion, the attached Memorandum of Points and Authorities, and the Declarations of Neal S. Berinhout, Richard Nagareda, and Joanne Savage, and all exhibits thereto. In support of this motion, ATTM states as follows:

1.      On December 17, 2007, plaintiff Morris Fiddler filed a putative class-action complaint against defendants AT&T Mobility, LLC, m-Qube, Inc., and Verisign, Inc. in the Chancery Division of the County Department of the Circuit Court of Cook County, alleging that ATTM customers were improperly charged for "premium mobile content" such as text messages, ringtones, and the like. Fiddler alleges that defendants have violated the Illinois computer tampering statute, 720 ILCS 5/16D-3, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* He also raises a variety of common-law claims.

2.      On January 18, 2008, m-Qube, Inc. and Verisign, Inc. timely filed a Notice of Removal to this Court.

3.      In the course of activating his cellular telephone for wireless service from ATTM, Fiddler agreed to arbitrate his disputes with ATTM.  Declaration of Neal S. Berinhout ¶¶ 6, 32-33.  Fiddler's arbitration agreement specifies that arbitration must be conducted on an individual rather than class-wide basis.  *Id.* Ex. 2 at 1.

4.      The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA governs the enforceability of the arbitration agreement between the plaintiff and ATTM.  *See id.*

5.      Because the plaintiff's arbitration agreement covers all of his claims against ATTM, the Court should compel him to pursue his claims in arbitration or small claims court. *Id.* § 4.

6.      When, as here, all of the claims against a defendant are subject to a binding arbitration agreement, the Court should dismiss them.  *See Deputy v. Lehman Bros., Inc.*, 374 F. Supp. 2d 695, 711 (E.D. Wis. 2005) ("A court may dismiss a case if all of the issues raised before it are arbitrable."); *accord, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

WHEREFORE, ATTM respectfully requests that this Court compel arbitration pursuant to 9 U.S.C. § 4 and dismiss all claims against ATTM.

Dated: February 7, 2008                                   Respectfully submitted,


                                                          /s/ Victoria R. Collado
                                                          _____

                                                          Victoria Collado
                                                          Sarah E. Reynolds
                                                          Keonna Carter
                                                          MAYER BROWN LLP
                                                          71 South Wacker Drive
                                                          Chicago, IL  60606
                                                          Tel:  (312) 782-0600
                                                          Fax:  (312) 263-7711

Seamus C. Duffy (Of Counsel)
Maresa Torregrossa (Of Counsel)
DRINKER BIDDLE & REATH LLP
1 Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Tel:  (215) 988-2700
Fax: (215) 988-2757

Evan M. Tager
    (*pro hac vice* application pending)
Archis A. Parasharami (Of Counsel)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, DC  20006
Tel:  (202) 263-3000
Fax:  (202) 263-5000

*Attorneys for Defendant AT&T Mobility LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Sarah E. Reynolds, an attorney, hereby certify that a true and correct copy of **MOTION OF DEFENDANT AT&T MOBILITY LLC TO COMPEL ARBITRATION AND DISMISS CLAIMS** was served on the following counsel of record via electronic delivery on February 7, 2008:

Jay Edelson
Myles McGuire
John Blim (Of Counsel)
KAMBEREDELSON, LLC
53 West Jackson Blvd.
Suite 1530
Chicago, IL  60604
(312) 589-6370

Bart Murphy
Ice Miller LLP
2300 Cabot Drive
Lisle, IL  60532
(630) 955-6392

Respectfully submitted,

/s/Sarah E. Reynolds

*Attorney for Defendant AT&T Mobility LLC*

Dated: February 7, 2008

1