# EXHIBIT 4



Slip Copy                                                                                                                                     Page 1
Slip Copy, 2007 WL 4569874 (S.D.Ill.)
**(Cite as: Slip Copy)**

Deaton v. Overstock.com, Inc.
S.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Illinois.
Shandie DEATON, Individually and on behalf of all others similarly situated, Plaintiff,
v.
OVERSTOCK.COM, INC. and Does 1-10, Defendants.
No. 07-cv-643-JPG.

Dec. 27, 2007.

Randy Patchett, Patchett Law Office, Marion, IL, for Plaintiff.
Christopher C. Rulon, J. Tullos Wells, Natalie C. Rougeux, Bracewell & Giuliani LLP, San Antonio, TX, for Defendants.

*MEMORANDUM AND ORDER*

J. PHIL GILBERT, District Judge.

***1** This matter comes before the Court on Defendant Overstock.com, Inc.'s (Overstock) Motion to Dismiss, Transfer Venue, or Stay (Doc. 13). Plaintiff Shandie Deaton (Deaton) has Responded (Doc. 17) and Overstock has Replied (Doc. 21). For the following reasons, the Court GRANTS the Motion to Dismiss.

**BACKGROUND**

Overstock is a leading internet retailer of name brand surplus and close-out merchandise with its principal place of business in the state of Utah. Unlike traditional retailers, Overstock has no "brick and mortar" facilities wherein consumers browse or purchase goods. Instead, Overstock is a "virtual store" accessible only via the internet. Consumers log on to Overstock's secure website and conduct their transactions there. Consumers can freely access Overstock's website, however, upon submitting an order, consumers must agree to the website's terms and conditions, the relevant portion of which reads as follows:

Entering this site will constitute your acceptance of these Terms and Conditions. If you do not agree to abide by these terms, please do not enter this site.

By visiting the Site, you agree that the laws of the state of Utah, without regard to principles of conflicts of laws, will govern these Terms and Conditions in any dispute of any sort that might arise between you and Overstock.com or its affiliates or subsidiaries.

Any dispute relating in any way to your visit to the Site or to products you purchase through the Site shall be submitted to confidential arbitration in Salt Lake City, Utah....

To the fullest extent permitted by applicable law, no Arbitration under this agreement shall be joined to an arbitration involving any other party subject to this Agreement, whether through class arbitration proceedings or otherwise.

The rules of the American Arbitration Association (AAA) govern the arbitrations.

On August 17, 2007 Deaton submitted an order on Overstock's website and paid for it with a credit card. Overstock's verification of Deaton's information included the last four digits of her credit card and the card's expiration date, which Deaton contends violates Section 1681 c(g) of the Fair Credit Reporting Act (FCRA). Deaton subsequently brought this action, seeking, for herself and others similarly situated, the statutory damages allowed by the FCRA of "not less than $100 and not more that $1,000" for each of Overstock's violations of Section 1681 c(g).

Overstock moved to dismiss the action, contending that the instant action is a dispute governed by the mandatory arbitration clause to which Deaton had contractually agreed. In the alternative, Overstock moved to stay the action or to transfer it to Utah. Deaton counters that the mandatory arbitration clause is unenforceable because arbitration would be so expensive as to effectively preclude her from vindicating her federal rights under the FCRA. Deaton also contends that the mandatory arbitration clause is unenforceable because it unconscionably prevents consumers from joining together in a class action, which may be their only effective way of protecting their FCRA rights.

**ANALYSIS**

**I. The Claim is Covered by the Arbitration Clause**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                Page 2
Slip Copy, 2007 WL 4569874 (S.D.Ill.)
**(Cite as: Slip Copy)**

*2 The Federal Arbitration Act (FAA) provides that a "written provision in any ... contract ... to settle by arbitration" any future controversy arising out of such contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."9 U.S.C. § 2. Congress designed the FAA "to reverse the longstanding judicial hostility to arbitration agreements ... and to place [them] on the same footing as other contracts."Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)."Any doubts with respect to arbitrability therefore should be resolved in favor of arbitration."James v. McDonald's Corp., 417 F.3d 672, 677 (7th Cir.2005) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Here, the parties agree that the FCRA claim is covered by the arbitration clause. However, Deaton asserts that the clause should by invalidated as unconscionable because forcing her to arbitrate her claim would effectively preclude her from vindicating her federal statutory rights because arbitration would be prohibitively expensive.

## II. Arbitration of the Claim is Not Prohibitively Expensive

A court may invalidate an arbitration agreement upon a showing that the agreement precludes a party "from effectively vindicating [her] statutory cause of action in the arbitral forum."Livingston v. Assoc. Fin., Inc., 339 F.3d 553, 557 (7th Cir.2003) (quoting Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90 (2000))."[T]he party opposing arbitration must provide some individualized evidence that it likely will face prohibitive costs in the arbitration at issue and that it is financially incapable of meeting those costs."*Id.* In making its determination as to whether the plaintiff is precluded from vindicating her statutory cause of action in the arbitral forum, a court should consider the cost differential between arbitration of the claim and litigation of the claim. See James v. McDonalds, 417 F.3d at 680.

To support her assertion that arbitration is prohibitively expensive, Deaton filed an affidavit with the Court asserting that, if she were compelled to travel to Salt Lake City, Utah for a three-day in-person arbitration, she would incur expenses for lost business, air fare, hotel stays and arbitration fees well in excess of the $1,000 statutory cap on her recovery. Thus, she concludes, the mandatory arbitration clause effectively precludes her from vindicating her statutory rights. This argument fails for several reasons.

First, Deaton's affidavit merely asserts that the estimated costs are "based on my research." She lays no evidentiary foundation for her purported travel expenses. Second, Deaton's cost analysis ignores the fact that litigation also has attendant costs. For example, Deaton will be unable to work during a trial just the same as during an arbitration. Third, while Deaton's affidavit asserts that the costs of arbitration would be "a grave inconvenience," she nowhere asserts that she is financially incapable of meeting those costs. Finally, the numbers Deaton submits are based on the premise that she will have to travel to Utah to arbitrate this claim. However, AAA allows for consumer arbitration to take place telephonically. Additionally, AAA also provides pro bono arbitrations for individuals who "might otherwise be financially unable to pursue his or her rights in the arbitral forum."In addition, Overstock has agreed to pay Deaton's portion of the arbitration costs, thereby making her expenses close to nothing. Accordingly, the Court cannot conclude that arbitration of this action is prohibitively expensive. Therefore, the Court will not invalidate the mandatory arbitration clause based on the theory that forcing Deaton to submit to arbitration would prevent her from vindicating her rights.

## III. The Class Action Bar Does Not Render the Arbitration Clause Unconscionable

*3 Deaton also claims that the bar on class actions contained in the arbitration clause renders it unconscionable because it effectively shields Overstock from any liability under the FCRA because all injured consumers will face the same prohibitive costs in arbitrating their claims as she faces in arbitrating hers. This argument, too, fails,.

First, as analyzed above, AAA rules permit telephonic arbitrations and provide for fee waivers for financially needy claimants. Second, the Seventh Circuit has never held that class actions bars in arbitration agreements are unconscionable. *See, e .g.,* Champ v. Siegel Trading Co., Inc., 55 F.3d 269, 274 (7th Cir.1995); Livingston, 339 F.3d at 559. Accordingly, the Court will not invalidate the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2007 WL 4569874 (S.D.Ill.)
**(Cite as: Slip Copy)**

mandatory arbitration clause based on the theory that its bar on class actions makes it unconscionable.

### IV. Dismissal is Appropriate

The FAA commands a federal court, on the request of one of the parties, to stay proceedings where (1) the issue is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3; *Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991)*. The stay shall last "until such arbitration has been had in accordance with the terms of the agreement...."9 U.S.C. § 3. Although the FAA speaks of courts staying proceedings where an issue is referable to arbitration, a court may also properly dismiss a case where all of the issues raised must be submitted arbitration. *See, e.g., County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 823 (7th Cir.2006)*.

Where, as here, a valid arbitration clause mandates arbitration in another district, the Court's options are limited. The Court must enforce the terms of the clause as written and agreed to by the parties. *Livingston, 339 F.3d at 559*. The clause at issue clearly calls for arbitration in Salt Lake City, Utah, but "a district court has no power to order arbitration to take place outside of its own district."*Snyder v. Smith, 736 F.2d 409, 418 (7th Cir.1984)*, *rev'd on other grounds*.Therefore, while the Court could stay the instant proceedings, it cannot compel the parties to proceed in the arbitration forum. Given that fact, it is unclear what purpose a stay of the instant action would serve. Accordingly, the Court will exercise its discretion to dismiss, rather than stay, the instant proceedings.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Overstock's Motion (Doc. 13) and **DISMISSES** this action without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

S.D.Ill.,2007.
Deaton v. Overstock.com, Inc.
Slip Copy, 2007 WL 4569874 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.