# Exhibit 4

Case 1:08-cv-00416    Document 31-5    Filed 02/15/2008    Page 1 of 5



Slip Copy  Page 1
Slip Copy, 2007 WL 2948405 (S.D.Ill.)
**(Cite as: Slip Copy)**

Hall v. Triad Financial Services, Inc.
S.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Illinois.
Michael A. HALL, individually and on behalf of all other people similarly situated, Plaintiff,
v.
TRIAD FINANCIAL SERVICES, INC., Defendant.
**No. 07-cv-0184-MJR.**

Oct. 10, 2007.

Terrell L. Sharp, Sharp Law Firm P.C., Mount Vernon, IL, for Plaintiff.
Craig M. White, Stacey L. Smiricky, Wildman, Harrold et al., Chicago, IL, Donald L. Smith, Hoagland, Fitzgerald et al., Alton, IL, for Defendant.

*MEMORANDUM AND ORDER*

REAGAN, District Judge.

**A.** *Introduction and Background*

  *1 On February 2, 2007, Michael Hall filed a putative class action suit against Triad Financial Services in Marion County, Illinois. Hall alleged that Triad: (1) wrongfully repossessed manufactured homes without notice, (2) wrongfully resold repossessed manufactured homes without notice, and (3) wrongfully resold repossessed manufactured homes below their fair market values to favored dealers in order to drive up the deficiency. For each violation, Hall requested compensatory and punitive damages. Hall also requested injunctive relief against Triad.

  Triad was served with the complaint on February 12, 2007. On March 14, 2007, Triad timely filed a notice of removal in this Court claiming that the jurisdictional requirements of the Class Action Fairness Act (CAFA) were satisfied.

  Hall moved to remand the case to state court on March 27, 2007 and argued that Triad failed to meet its burden of proof on the issue of the amount in controversy. On October 5, 2007, the Court held a hearing on the motion to remand. For the reasons stated below, the Court **GRANTS** the motion.

**B.** *Analysis*

*CAFA and the Burden of Proof*

  CAFA gives federal district courts original jurisdiction over class actions in which: (1) the proposed classes have at least 100 members in the aggregate, (2) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (3) minimal diversity of citizenship exists between the parties. 28 U.S.C. § 1332(d)(2); *Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675, 677 (7th Cir.2006). Consequently, such cases may be removed to federal court under 28 U.S.C. § 1441, which states:
  any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

  The party seeking removal bears the burden of establishing that all requirements for federal jurisdiction are satisfied. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 448 (7 th Cir.2005). The proponent of federal jurisdiction must show by a preponderance of the evidence that the amount in controversy requirement is met. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir.2006). Where the complaint is silent as to the amount of damages and does not state that the class will seek an amount below the jurisdictional minimum, the removing party must provide a "good-faith estimate of the stakes" that is plausible and supported by a preponderance of the evidence. *Id.*;*Brill,* 427 F .3d at 449 ("part of the removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands")."Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 2
Slip Copy, 2007 WL 2948405 (S.D.Ill.)
**(Cite as: Slip Copy)**

certainty' that the judgment will be less forecloses federal jurisdiction."*Brill,* 427 F.3d at 448 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283 (1938); *Gardynski-Leschuck v. Ford Motor Co.,* 142 F.3d 955 (7th Cir.1998)).

**\*2** The amount in controversy is determined by evaluating the plaintiff's complaint "and the record as a whole."*Schimmer v. Jaguar Cars, Inc.,* 384 F.3d 402, 404 (7th Cir.2004) (citing *Uhl v. Thoroughbred Tech. & Telecommunications, Inc.,* 309 F.3d 97, 983 (7th Cir.2002)). The Court may examine only the evidence which was available when the case was removed, or which sheds light on the situation existing at the moment of removal. *Harmon v. OKI Systems,* 115 F.3d 477, 479-80 (7th Cir.1997).

In the case at bar, Triad, the removing party, has failed to show by a preponderance of the evidence that the amount in controversy exceeds $5 million.

*Damages Under Counts 1 and 2*

Hall alleges three classes in his complaint: (A) Illinois residents whose homes have been repossessed without adequate notice within the past ten years, (B) Illinois residents whose repossessed homes have been sold by Triad without adequate notice within the past ten years, and (C) Illinois residents whose repossessed homes have been sold for less than the fair value of the homes within the last ten years. Doc. 2, Exh. 1, ¶ 20.

Triad first claims that the alleged damages under Counts 1 and 2 are at least $10 million. Triad arrives at the figure with the following calculation. The measure of damages in Counts 1 and 2 is equivalent to the remaining deficiency on the loan after repossession and sale. Hall has a $40,000 deficiency. Triad has repossessed 251 manufactured homes in Illinois over the last ten years, so there are 251 potential members in the three classes. If each had a $40,000 deficiency judgment, then the amount in controversy would be over $10 million.

This theoretical argument is undermined by Triad's own actual figures, which indicate that the remaining deficiency on all 251 repossessions comes to just over $2.25 million. Doc. 13, Exh. A, ¶ ¶ 4 & 5. Along with its response (Doc. 13), Triad submitted an affidavit from Ross Eckhardt, Triad's Midwest Executive Vice-President. Eckhardt states: "For the 251 Illinois repossessions by Triad since January 1, 1997, the total loan balances owed at the time of repossession were $6,140,220.79."Doc. 13, Exh. A, ¶ 4. Eckhardt then informs the Court that "the total received by Triad from sales following repossession was $3,873,712.48."Doc. 13, Exh. A, ¶ 5. Therefore, the amount of the deficiency for the potential class over ten years is only $2,266,508.31-not $10 million.

Moreover, this deficiency serves as the potential damages in Counts 1 and 2 only if the applicable statute of limitations is ten years. At the October 5, 2007 hearing, however, it was agreed by all parties that the statute of limitations is four years if the claims are brought under the Uniform Commercial Code. In fact, Triad asserts in its answer that the statute of limitations is four years. Doc. 11, ¶ 5. A four-year limitations period further reduces the potential damages in this case. Unfortunately, Triad does not provide the Court with the number of repossessions during the four-year period, nor does it provide a deficiency amount for this period. As a result, Triad has not met its burden, and the Court is unable to estimate the stakes under Counts 1 and 2, other than to conclude it is significantly less than the $2,266,508.31 deficiency derived from a ten-year period and, most importantly, less than the $5 million jurisdictional threshold.

*Damages Under Count 3*

**\*3** Triad argues that the potential for punitive damages pushes the amount in controversy over $5 million. Punitive damages may be included in the amount in controversy when applicable state law authorizes the recovery of punitives.*Geschke v. Air Force Ass'n,* 425 F.3d 337, 341 (7 th Cir.2005). When punitives can be counted toward the amount in controversy, the ratio of punitive to compensatory damages must fall within the permissible range. *See, e.g., Gavin v. AT & T Corp.,* 464 F.3d 634, 641 (7th Cir.2006); *Munro v. Golden Rule Ins. Co.,* 393 F.3d 720, 720-22 (7th Cir.2004).

As punitive damages are generally not awardable under the law of contracts or the Uniform Commercial Code,[FN1] punitive damages could only be awarded for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act alleged in Count 3. While the Court may award punitive damages under the Act, *see*815 ILCS 505/10A(a), the parties agree that the statute has a limitations period of three years. 815 ILCS 505/10A(e). However, Triad has only provided the Court with information

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

regarding the entire ten-year period. These figures are too broad for the Court to properly assess the potential amount of punitive damages during the applicable limitations period. The Court refuses to engage in wild speculation and is unable find that Triad has established a good faith estimates of either compensatory or punitive damages or attorney fees under Count 3.

> FN1. With respect to punitive damages in contract actions, the Appellate Court of Illinois has noted: "[G]enerally, punitive damages are not available in actions for breach of contract because a party suing for breach of contract is entitled only to the benefit of his bargain and the purpose of awarding damages is to place the injured party in the position he would have been had it not been for the breach. An exception to this rule exists where the breach constitutes an independent tort for which punitive damages are recoverable."*Koehler v. First Nat. Bank of Louisville,* 597 N.E.2d 1261, 1264-65 (Ill.App.1992). With respect to punitive damages under the Uniform Commercial Code, 810 ILCS 5/1-106 states: "The remedies provided by this Act shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but **neither consequential or special nor penal damages may be had** except as specifically provided in this Act or by other rule of law" (emphasis added).

Triad also argues that damages under Count 3 could exceed $10 million if they include the difference between the fair market value of repossessed homes and their actual sale price. Triad's calculation is as follows: Hall's home resold for $11,565, which is 22.3% of the alleged fair market value ($52,000). If all the homes resold in Illinois during the past ten years were sold at only 22.3% of their value, the "fair value" should have been $17,370,905.00 rather than the $3,873,712.48 at which the homes actually sold. The difference between the "fair value" and the actual sale price in that instance would be $13,497,192.52.

However, this highly speculative estimate covers a ten-year period, even though the three-year statute of limitation applies. Triad has told this Court nothing about the relevant figures over the relevant period. Nor has Triad even provided an explanation of changes in the housing market. Because of the speculative nature of the percentage used by Triad and the complete absence of information pertaining to the three-year limitations period, the Court concludes that Triad has not established a good faith estimates of the damages under Count 3.

*Damages Under Count 4*

Hall also requests that Triad be enjoined from the violations alleged in Counts 1, 2, and 3. The measure of equitable damages for purposes of the amount in controversy is governed by the "either viewpoint" rule. The either viewpoint rule assesses the jurisdictional amount attributable to injunctive relief by looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief. *Uhl v. Thoroughbred Tech. & Telecomm., Inc.,* 309 F.3d 978, 983 (7th Cir.2002). In class actions, the Seventh Circuit has determined such amounts "by looking separately at each named plaintiff's claim and the cost to the defendant of complying with an injunction directed to that plaintiff."*Id.*

**\*4** Triad provides no argument or estimate as to what these damages would be. Therefore, Triad has failed to meet its burden of proof on the possible damages under Count 4.

### C. *Conclusion*

Triad has not provided this Court with any relevant information regarding the class size or potential damages during the applicable limitations periods involved in this case. Triad has failed to satisfy its burden of proof on the amount in controversy requirement of § 1332(d)(2).

Because this Court lacks subject matter jurisdiction, it hereby **GRANTS** Hall's motion (Doc. 4) and **REMANDS** this case to the Circuit Court of Marion County, Illinois. Finally, the Court **DENIES** Hall's request for costs, expenses, and attorney fees, contained in his motion for remand (Doc. 4).

**IT IS SO ORDERED.**

S.D.Ill.,2007.
Hall v. Triad Financial Services, Inc.
Slip Copy, 2007 WL 2948405 (S.D.Ill.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2007 WL 2948405 (S.D.Ill.)  
**(Cite as: Slip Copy)**

Page 4

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.