# Exhibit 5

LEXSEE 2007 U.S. DIST. LEXIS 31515

**ANTONIA MUNIZ, individually and on behalf of all others similarly situated, Plaintiff, v. PILOT TRAVEL CENTERS LLC, Defendant.**

**NO. CIV. S-07-0325 FCD EFB**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 31515*

**April 30, 2007, Decided
April 30, 2007, Filed**

**SUBSEQUENT HISTORY:**   As Amended May 1, 2007.

**DISPOSITION:**   Plaintiff's motion to remand denied.

**COUNSEL:**  [*1]  For Antonia Muniz, Plaintiff: Michael Lee Carver, LEAD ATTORNEY, Law Office of Michael L. Carver, Chico, CA; Patricia Anne Savage, LEAD ATTORNEYS, Law Office of Michael L. Carver, LEAD ATTORNEY, Chico, CA, US.

For Pilot Travel Centers LLC, Defendant: Lena Kae Sims, LEAD ATTORNEY, Littler Mendelson, P.C., San Diego, CA; Michele Zoeann Stevenson, LEAD ATTORNEY, Littler Mendelson, Sacramento, CA.

**JUDGES:** FRANK C. DAMRELL, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** FRANK C. DAMRELL, JR.

**OPINION**

   **AMENDED** MEMORANDUM AND ORDER [1]

     1  This amended memorandum and order is issued to correct typographical errors in the memorandum and order issued April 30, 2007. The instant order shall supercede that order in all respects.

   This matter is before the court on plaintiff's motion to remand the instant action to the Yolo County Superior Court on the ground defendant has not established that the putative class members' claims exceed the requisite jurisdictional amount in controversy of $ 5,000,000.00 pursuant to the Class Action Fairness Act of 2005 ("CAFA"), *28 U.S.C. § 1332(d).* [2] Defendant opposes the motion, arguing it has proffered sufficient evidence to demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum.

     2  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

  [*2]  After review of the evidence submitted by defendant in support of the Notice of Removal [3] as well as the supplemental evidence proffered in support of defendant's opposition to the motion, the court finds that defendant has met its burden of proof to demonstrate that the amount in controversy requirement is satisfied, and therefore plaintiff's motion is DENIED.

     3  Defendant filed its "Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 U.S.C. Sections referred to as the "Notice of Removal").

**BACKGROUND**

   On January 17, 2007, plaintiff filed a class action complaint in the Yolo County Superior Court in the State of California: *Antonia Muniz, individually and on behalf of all others similarly situated v. Pilot Travel Centers LLC, and Does 1-15, inclusive, Case No. CV07-89* (hereinafter "the Complaint"). Plaintiff and the members of the putative [*3] class allegedly "performed services with primary duties of a non-exempt nature" for defendant in the State of California and were not paid overtime compensation and/or were not provided lawful meal and/or rest periods.

   Plaintiff's Complaint asserts six causes of action:

   (1) wages due; (2) failure to provide meal and rest periods; (3) conversion; (4) failure to comply with itemized employee wage statement provisions under *Cal. Labor Code § 226*; (5) for penalties pursuant to *Cal. Labor Code § 203*; and (6) unfair competition pursuant to *Cal. Bus. & Prof. Code § 17200 et seq.* Plaintiff's second cause of action for failure to provide meal and rest periods pleads six counts: (1) failure to pay wages and overtime owed for time worked in lieu of taking meal periods; (2) "failure to pay compensation, restitution or other relief for each day a lawful meal period was not provided" pursuant to Section 11(D) of Wage Order 7-2001; (3) "failure to pay compensation, restitution or other relief for each day a lawful meal period was not provided" pursuant to *Cal. Labor Code § 226.7*; (4) failure [*4] to pay "compensation, restitution or other relief for each day a lawful rest period was not provided" under Section 12(B) of Wage Order 7-2001; (5) failure to pay "compensation, restitution or other relief for each day a lawful rest period was

not provided" pursuant to *Cal. Labor Code § 226.7*; and (6) failure to provide meal periods in violation of *Cal. Labor Code § 512*.

Defendant filed its answer to the Complaint on February 15, 2007. Thereafter, on February 16, 2007, defendant removed the action to this court on the basis of the CAFA. The CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $ 5,000,000.00, exclusive of interest and costs. *28 U.S.C. § 1332(d)(2)*. The Act authorizes removal of such actions pursuant to *28 U.S.C. § 1446*.

Plaintiff challenges the propriety of the removal solely on the ground of the requisite amount in [*5] controversy. [4] Plaintiff's Complaint does not allege a specific amount of damages. Therefore, in removing the action, defendant supported its Notice of Removal with declarations setting forth the underlying facts needed to calculate the amount in controversy based on the allegations in the Complaint as well as the estimated calculations themselves. Specifically, defendant submitted the declaration of Laura J. Cheatham ("Cheatham"), Manager of Employee Relations for defendant and the authorized custodian of records pertaining to human resource matters, who set forth the underlying facts needed to calculate the amount in controversy, and the declaration of defendant's counsel Lena K. Sims ("Sims"), who based on the facts supplied by Cheatham, calculated the amount in controversy in light of the applicable laws governing penalties to which plaintiff claims she and the putative class members are entitled. (Docket #s 3, 4.) [5] Said evidence showed that the amount in controversy is at least $ 6,380,625.10, notwithstanding attorneys' fees or punitive damages which are plead and which, as set forth below, are also properly considered in ascertaining the amount in controversy. Defendants now provide [*6] additional evidence that the amount in controversy is much greater than that originally estimated, and that the amount in controversy is in fact estimated to be $ 12,932,861.00. (Cheatham and Sims Decls., filed April 13, 2007 ["Supp. Decls."].) The numbers originally provided by Cheatham were minimum amounts because at the time of the removal she was only able to consult one of the several timekeeping systems used by defendant's California stores during the alleged class period. (Cheatham Supp. Decl., Ps 3, 4.) However, Cheatham has now been able to consult most of the data in each of the timekeeping systems used in defendant's California stores, and thus, she was able to provide more accurate and thorough information from which defendant could calculate the relevant amounts.

4   Plaintiff does not dispute that the removal was timely filed nor that the minimal diversity of citizenship requirement is met, and the court finds that these other requirements of removal are satisfied.

5   Plaintiff's various objections to these declarations are unavailing. Both declarations concern matters that are within the personal knowledge of the affiants or knowledge based on corporate records. Both declarations are signed under penalty of perjury under federal law. Specifically as to Cheatham's declaration, plaintiff complains that Cheatham makes no mention "of what [the] records actually consist of, or more significantly if they have any relationship whatsoever to putative class members that are all situated well over two-thousand miles away, and in a different state [from Cheatham]." (Pl.'s Mem. P. & A.'s 3:23-25.) To the contrary, Cheatham identifies herself in her declaration as "an authorized custodian of records for records pertaining to human resources matters" and states that she has "personal knowledge of the foregoing, or knowledge based upon corporate records which are within my custody and control, among others." (Cheatham Decl., filed Feb. 16, 2007, P 1.) She makes her statements in her declaration based on her review of "Pilot's corporate human resource records during the putative class period." (Id. at P 5.) The statements concern "Antonia Muniz [who] has filed her Complaint on behalf of herself and a class of all current and/or former nonexempt employees of Defendant Pilot in the State of California who worked during the four *year* period preceding the date on which she filed her Complaint." ( Id. at P 4.) She provides the information from her review of records "for purposes of assessing the amount of monetary relief sought by the claims as alleged in Plaintiff's Complaint." ( Id. at P 5.)

[*7] STANDARD

Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a ,preponderance of the evidence that the amount in controversy exceeds the statutory minimum (in this case, $ 5,000,000.00 per the CAFA). *Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1996)*. [6] The preponderance of the evidence standard means the "defendant must provide evidence establishing that it is *'more likely than not'* that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)* (emphasis added) (citation omitted). Said burden is not "daunting," as courts recognize that under this stan-

dard, a removing defendant is *not* obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994).* [7]

> 6   The CAFA did not shift the burden of proof normally applied to removal of a state action to federal court; under the CAFA, the removing defendant continues to bear the burden of proof, not the class action plaintiff. *Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 678 (9th Cir. 2006).*

[*8]

> 7   The contrary is true under the "legal certainty" test, at times improperly cited by plaintiff, which requires such proof by the removing defendant. The legal certainty test is used where the complaint alleges a dollar amount in controversy that is below the federal court's jurisdictional minimum. *Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007)* (holding that "where the plaintiff has pled an amount in controversy less than $ 5,000,000.00, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met").

Nevertheless, a court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007).* Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).* In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence [*9] relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004)* (internal quotations omitted); *Singer, 116 F.3d at 374* ("defense counsel submitted declarations to show that the amount in controversy exceeded $ 50,000"). A court may also consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice. *Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n. 1 (9th Cir. 2002)*

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).* The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)*; see also *Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 399 (2nd Cir. 2003)* [*10] (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

**ANALYSIS**

Plaintiff essentially makes two arguments in support of remand, both of which must be rejected. First, plaintiff's counsel attests in his declaration that the actual recovery in this case will be much less than asserted by defendant based on his general experience in other similar cases. (Carver Decl., filed March 15, 2007.) However, for purposes of remand, the court must accept as true *plaintiff's* allegations as plead in the, Complaint and assume that plaintiff will prove liability and recover the damages alleged. *Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001*; *Rippee, 408 F. Supp. 2d at 986*. As such, counsel's declaration, setting forth *his* opinions as to the "typical" violation rates of employers for meal and rest periods and overtime hours in similar cases, is irrelevant to the instant motion.

Looking at plaintiff's Complaint, plaintiff alleges her claims in terms as general and expansive as possible, presumably for [*11] the purpose of alleging as large a class of individuals as possible to obtain the largest possible judgment. Plaintiff's complaint alleges she was a nonexempt employee at a Pilot Travel Centers store in California beginning in 2001. (Compl., P 6.) Each of the putative class members is "similarly situated and employed by the Defendants during the Class Period." (Id. at P 7.) "Plaintiff and each member of the Plaintiff Class performed services with primary duties of a non-exempt nature, as non-exempt employees with various titles and duties, for which they were entitled to be compensated as required by law." (Id. at P 10.) The plaintiff class is defined as "[all persons who at any time after four (4) years prior to the filing of this action through the date of trial were non-exempt employees of the Defendant in California." (Id. at P 13.) The subclass is "[a]ll persons who at any time after four (4) years prior to the filing of this action through the date of trial were non-exempt employees of the Defendant in California, and terminated their employment during the Class Period." ( Id. at P 14.)

Plaintiff alleges no facts specific to the circumstances of her or the [*12] class members allegedly missed meal and/or rest periods; defendant's alleged conversion of plaintiff and the class members' wages by its failure to timely pay said wages; or defendant's failure to provide itemized wage statements. Instead, plaintiff alleges a common course of conduct in violation of the law resulting in injury to herself and every other hourly employee employed by defendant in

the State of California in the four years preceding the filing of the Complaint. ( Id. at Ps 2, 6, 13, 14, 15.) Allegedly, plaintiff and class members "were not always paid all wages and overtime due by the Defendant." ( Id. at P 18.) Allegedly, they were "not always provided lawful meal periods." ( Id. at Ps 22, 24, 30.) Allegedly, they were "not always provided lawful rest periods." ( Id. at Ps 26, 28.) Additionally, plaintiff and the class members were allegedly intentionally denied accurate itemized wage statements. ( Id. at P 41.) Plaintiff and each putative sub-class member are allegedly owed waiting time penalties. ( Id. at P 44.)

As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that [*13] is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. *Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)*. She did not.

Furthermore, even assuming far less than a 100% violation rate still results in an amount in controversy that exceeds the jurisdictional minimum because the amount in controversy is estimated to be $ 12,932,861.00 based on the underlying facts provided by Cheatham in her supplemental declaration. (See generally Cheatham & Sims Supp. Decls.) Additionally, neither the $ 6,380,625.10 nor the $ 12,932,861.00 figures include any amount for the attorneys' fees or punitive damages that are plead, in the Complaint and which are properly included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998)* (recognizing that attorneys' fees are included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary); [*14]  [8] *Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001)* ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

> 8   As set forth in defendant's removal papers, in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement and, thus, in excess of $ 1 million. (Opp'n, filed April 13, 2007, n. 6 [providing examples of such cases].)

Plaintiff alternatively moves for remand, arguing defendant's removal is deficient because defendant did not produce the underlying documents which support its calculations. ( See Opp'n at 4 n. 2 [citing portions of plaintiff's motion wherein she repeatedly demands production of documents by defendant].) Plaintiff contends that to justify removal defendant was obligated to produce documents setting forth the precise number of employees in each putative class or subclass [*15]  alleged and the precise calculation of damages alleged. (Pl.'s Mem. of P&A at 6:10-11, 8:10-13.)

Plaintiff's argument is unavailing. There is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation. *McCraw, 863 F. Supp. at 434* (recognizing that the preponderance of the evidence standard does *not* place a "daunting" burden on the defendant to prove the plaintiff's claims for damages). Rather, it is defendant's burden to produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds $ 5,000,000.00, assuming the truth of the allegations plead in the Complaint. *Singer, 116 F.3d at 376*; *Sanchez, 102 F.3d at 404*. Defendant met that burden by filing the Cheatham and Sims declarations in support of its Notice of Removal showing that the amount in controversy is at least $ 6,380,625.10, notwithstanding attorneys' fees or punitive damages. Defendant now, in opposition to the motion, provides additional [*16]  evidence that the amount in controversy is much greater than that originally estimated, and that the amount in controversy is in fact estimated to be $ 12,932,861.00, irrespective of attorneys' fees or punitive damages. (Cheatham & Sims Supp. Decls.) Under either calculation, particularly considering the additional damages of attorneys' fees and punitives, the instant case most likely far exceeds the jurisdictional prerequisite, and at a minimum, defendant has shown, by admissible evidence, that it is more likely than not that the jurisdictional threshold of $ 5,000,000.00 is met.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

DATED: May 1, 2007

FRANK C. DAMRELL, JR.