**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MORRIS FIDDLER, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:08-cv-00416 |
| v. | ) ) | |
| AT&T MOBILITY, LLC d/b/a The New AT&T f/k/a CINGULAR WIRELESS, a Delaware limited liability company, M-QUBE, INC., a Delaware corporation, and VERISIGN, INC., a Delaware corporation, | ) ) ) ) ) ) | **Samuel Der-Yeghiayan** <br><br> **CLASS ACTION** |
| Defendants. | | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## I.      Introduction

Defendants m-Qube, Inc., VeriSign, Inc. and AT&T Mobility, LLC ("Defendants") argue in their Memorandum in Opposition to Plaintiff's Motion to Remand ("Def.'s Mem.") that there is in excess of $5,000,000 at stake in this controversy, and that they have carried their burden of showing this by a preponderance of the evidence. Plaintiff Morris Fiddler maintains Defendants have not carried their burden of showing in excess of $5,000,000 is at stake in this controversy, and therefore removal was improper and remand is appropriate.

## II.      Argument

A removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the threshold in order to carry their burden. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 , 541-42 (7th Cir. 2006). "[P]art of the removing party's burden is to

show not only what the stakes of the litigation could be, but also what they *are* given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "A good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co*., 472 F.3d 506, 511 (7th Cir. 2006) (emphasis added). Therefore, as the removing party, Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 in order to establish removal jurisdiction. In the instant case, Defendants have information in their possession that may establish the amount in controversy exceeds the jurisdictional requirement - namely records of customer complaints about the unauthorized charges at issue – but decline to introduce this information for fear of implying that they may be liable for such charges. As discussed below, it is established that the fear of an inference of liability is not a valid basis to deny the introduction of such information for the limited purpose of demonstrating the amount in controversy. Consequently, Defendants' have failed to meet their burden.

Defendants argue Plaintiff's request for compensatory damages alone exceeds $5,000,000; Defendants attach declarations showing Defendant AT&T's "total gross revenue . . . for third-party mobile content purchases" was $11,398,423.00 for Illinois subscribers in 2007, and Defendant m-Qube's "retail value of premium-rated messaging traffic" was over $32 million for Illinois subscribers since 2004. (Def's Mem. Exhibits 1 and 2.) However, this information does not even remotely provide "a good-faith estimate of the stakes" of this litigation which is specifically limited to only the *unauthorized* portion of these total "purchases" and "value." Indeed, if Defendants are to be successful in removing under the Class Action Fairness Act ("CAFA") they must do so by establishing a plausible basis that the *unauthorized* portion of these charges - not the combined amount of the total *authorized* and *unauthorized* charges - exceeds the jurisdictional requirement in such a manner that is "supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511 (emphasis added).

Whether Defendants have provided a good-faith estimate of the amount in controversy must be considered in light of Plaintiff's claims. See *Brill*, 427 F.3d at 449. Plaintiff does not claim the

sum total of every premium mobile content fee Defendants ever collected from an Illinois subscriber was unauthorized; instead, Plaintiff claims Defendants have collected "significant" amounts in *unauthorized* charges from their Illinois subscribers. (Compl. ¶9.) Thus, Plaintiff's complaint puts in controversy only those amounts which Defendants have collected without authorization. (Compl. ¶43.) Plaintiff does not allege how much Defendants' have collected in unauthorized fees for good reason: Plaintiff is not in a position to know this information. Defendants, on the other hand, do have access to this type of information that would allow them to provide a *plausible*, *good-faith estimate* of what is at stake here, such as the percentage of Defendant's records reflecting customer complaints about unauthorized charges.  Because Defendants have the burden of showing how much is at stake, and have access to the type of information that would support a *plausible* estimate of this amount, Defendants must use this information to provide a good-faith estimate of the amount at stake. See *Brill*, 427 F.3d at 447-48 (finding it appropriate that burden rested with the defendant-proponent of federal litigation because plaintiffs often have no way of calculating the amount in controversy at an early stage of litigation and stating "When the defendant has vital knowledge that the plaintiff may lack, a burden that induces the removing party to come forward with the information-so that the choice between state and federal court may be made accurately-is much to be desired.")

In the instant case, Defendants have failed to provide a *single* indicator which could support a plausible good-faith estimate of the amount of the *unauthorized* charges they may have collected. Providing declarations that identify the ceiling of the sum total of all authorized and unauthorized charges combined, as Defendants have done, is insufficient. While Defendants need not concede ultimate liability, Defendants may need to concede information they have or actions they have undertaken in order to establish federal jurisdiction. See *Brill*, 427 F.3d at 447-49. Defendants here suggest they could not possibly give a good-faith estimate of the amount at stake in this controversy without conceding liability, however, using an indicator such as the number of customer complaints about unauthorized charges would not require Defendants to concede liability. (See Def.'s Mem. at 6.) *Brill* makes clear that Defendants are misplacing the

question of liability as the determining factor in whether they must introduce records which establish jurisdiction under CAFA. As the proponent of this federal litigation and clearly in possession of pertinent customer complaint records, Defendants should proffer a statistical summary of such records to satisfy their jurisdictional requirement or abandon their opposition to Plaintiff's motion to remand.

Defendants also point to potential punitive damages in their attempt to establish that the amount in controversy exceeds $5,000,000. (Def.'s Mem. at 7.) However, amounts for punitive damages are derived from the amount of compensatory damages awarded. See *Buller v. Owner Operator Independent Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 763 (S.D. Ill 2006)(in calculating amount in controversy, court considered punitive damages in a ratio of two to three times out-of-pocket damages). Where Defendants have made no attempt to provide a *plausible* good-faith estimate of the potential compensatory damages, it is impossible to determine what a punitive damages award might be.

Finally, Defendants argue the additional costs of providing injunctive relief establish that in excess of $5,000,000 is at stake. (Def.'s Mem. at 8.) To support this argument, Defendants m-Qube and VeriSign submit the declaration of David Harty, the "Director—Product Management for the Global Messaging business of VeriSign", stating the "design, implementation, and enforcement" of a safeguard system such as a customer's signature or private access code would "require m-Qube and VeriSign to expend well in excess of hundreds of thousands of dollars and invest significant other resources." (Def.'s Mem. Exhibit 2.) Plaintiff submits that this declaration does not establish that in excess of $5,000,000 is at stake: $300,000 could be described as "in excess of hundreds of thousands of dollars", although $300,000 does not contribute significantly to the $5,000,000 total Defendants must demonstrate is at stake.

## III.    <u>Attorneys' Fees</u>

Plaintiff respectfully requests attorneys' fees and costs. Plaintiff recognizes that an award of attorneys' fees is only appropriate where a removing party lacks an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 142,126 S. Ct. 704, 711 (U.S.

2005), *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Defendants' Notice of Removal

conspicuously lacked an *objectively* reasonable basis for removal. It is well-settled that

Defendants have the burden of establishing that the amount in controversy exceeds $5,000,000,

*Brill*, 427 F.3d at 447-448, and Defendants provided absolutely no meaningful evidence in their

initial Notice of Removal to support removal. In their most recent Memorandum, Defendants

have provided two Declarations, neither of which, as shown above, provides "a good-faith

estimate of the stakes" that is "*plausible* and supported by a preponderance of the evidence." See

*Oshana*, 472 F.3d at 511 (emphasis added). Therefore, Plaintiff respectfully requests that the

Court grant his motion to remand and award his attorneys' fees and costs.


                                             Respectfully submitted,

Dated:  February 21, 2008



                                         By: /s/ Myles McGuire
                                            MYLES MCGUIRE
                                            One of the Attorneys for Morris Fiddler,
                                            individually and on behalf of a class of
                                            similarly situated individuals

JAY EDELSON
MYLES MCGUIRE
ELIZABETH MACKEY (*PENDING PRO HAC VICE*)
JOHN BLIM  (Of Counsel)
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370