IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MORRIS FIDDLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 08 C 416 |
| | ) |
| | ) |
| **AT&T MOBILITY, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Morris Fiddler's ("Fiddler") motion to remand. For the reasons stated below, we grant Fiddler's motion to remand.

## BACKGROUND

This action was brought by Fiddler against Defendant AT&T Mobility, LLC ("AT&T"), Defendant M-Qube, Inc. ("M-Qube"), and Defendant Verisign, Inc. ("Verisign"), on behalf of himself and a class of individuals that Fiddler alleges has suffered harm resulting from unauthorized charges for mobile telephone services. According to Fiddler, Defendants charged certain cellular telephone customers for

services without any authorization from those customers. Fiddler's complaint seeks compensatory and punitive damages, declaratory and injunctive relief, and costs and fees. Defendants contend that they removed the matter to this court on the basis of jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332, 1453, ("CAFA").

## LEGAL STANDARD

Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446; *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-32 (7th Cir. 2004). The party seeking to remove an action and invoking federal jurisdiction "bears the burden of demonstrating that removal is proper." *Id.* A motion to remand a case to state court that is based "on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Seventh Circuit has cautioned that "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## DISCUSSION

Fiddler argues that this action should be remanded back to state court since Defendants failed to show that the amount in controversy exceeds $5,000,000. Pursuant to CAFA, district courts have original jurisdiction over an action where: (1) the matter in controversy is greater than the sum or value of $5,000,000, (2) there are at least 100 members of the putitive class, and (3) at least one member of the putitive class is a citizen of a state different from the state of the defendant. 28 U.S.C. § 1332(d). The parties dispute only the first requirement for CAFA jurisdiction, which is whether Defendants have shown by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000.

In removing this action, Defendants assert that the amount in controversy exceeds $5,000,000 and, thus, federal jurisdiction exists. (Not. Rem. Par. 22). In support of this contention, Defendants point to the fact that Fiddler's complaint alleged that Defendants had "profited significantly" and "collect[ed] significant sums of money in unauthorized mobile content charges." (Not. Rem. Par. 23)(emphasis omitted). Defendants also argue that Fiddler is seeking "broad and far-reaching relief." (Not. Rem. Par. 24). Defendants assert in their notice of removal that Verisign had delivered phone content to cellular customers in Illinois during the period covered by the claims in excess of $5,000,000. (Not. Rem. Par. 27).

Defendants also state that the amount Fiddler seeks to recover against M-Qube consists of a substantial portion of the retail value of the content provided to Illinois customers. (Not. Rem. Par. 27). Defendants conclude that, when taking into consideration the estimated value of compensatory damages, possible punitive damages, the value of injunctive relief, and an award of attorneys' fees, the amount in controversy would be greater than $5,000,000. (Not. Rem. Par. 32). Fiddler now argues that the jurisdictional allegations made by Defendants in their notice of removal fail to satisfy Defendants' burden of establishing federal jurisdiction under CAFA, since Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. We agree.

The parties agree that it is Defendants' burden to establish that federal jurisdiction exists and that the amount in controversy exceeds $5,000,000. (Mot. 4)(Ans. 3). Furthermore, the Seventh Circuit has recognized that a plaintiff has the presumptive right to choose his or her forum and has stressed that removal statutes should be narrowly construed. *Allied Signal, Inc.*, 985 F.2d at 911. The standard for proving jurisdiction is by a preponderance of the evidence. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)(stating that "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence"); *Oshana v. Coca-Cola Co.*,

472 F.3d 506, 511 (7th Cir. 2006)(stating in diversity action that a defendant needs to show by preponderance of evidence that the amount in controversy requirement is satisfied and that "[o]nce the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount'")(quoting in part *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). A removing party is required to "establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003)(quoting in part *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Fiddler points out that Defendants have only made vague allegations regarding the amount in controversy in their notice of removal and did not provide evidence regarding the amount in controversy sufficient to establish by a preponderance of the evidence that the amount in controversy does exceed $5,000,000. Defendants rely on abstract assertions to support their jurisdictional allegations, such as the fact that there are multiple claims against multiple defendants and the fact that Fiddler alleged that Defendants had "systematically" and "repeatedly" made false charges of their customers. (Not. Rem. Par. 25). These allegations in the notice of removal fail to even paint a picture of the

actual potential compensatory damages at issue. Also, although Defendants note that there are punitive damages alleged, there is no way to assess the potential value of these punitive damages without some indication from Defendants of the potential compensatory damages. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996)(considering the disparity between the actual damages and the punitive damages as a factor for assessing the validity of the punitive damages award); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

In opposing Fiddler's motion to remand, Defendants have attempted to provide additional evidence in the form of sworn statements by officers of Defendants. For example, Defendants have pointed to attached testimony indicating that AT&T's total gross revenue from third-party mobile content from Illinois subscribers was over $11 Million during the relevant time period. (Ans. 6). Further, Defendants assert that the aggregate retail value of the traffic processed by Verisign was greater than $32 Million. (Ans. 6). We note that this evidence and information was not provided in the initial notice of removal. Furthermore, evidence of Defendants' total sales during the relevant time period brings Defendants no closer to establishing the amount in controversy in this case since Defendants have not provided even an estimation of the portion of total sales implicated by Fiddler's claims.

6

Finally, Fiddler points out that his own allegations in the complaint suggest that the amount in controversy, for the purposes of jurisdiction, is less than $5,000,000. Fiddler states that his billing records indicate that the amount of improper charges he received for the alleged services does not exceed $100. (Mot. 6). He notes that even if there were 10,000 members of the proposed class, each class member would need to have $500 in total damages for the jurisdictional amount to be met. (Mot. 6). Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Therefore, we grant Fiddler's motion and remand the action to state court.

We note that, in his motion to remand, Fiddler has requested that he be awarded attorneys' fees and costs, due to the fact that Defendants lacked an objectively reasonable basis for seeking removal. Fiddler's request is improperly brought in the body of another motion. Therefore, Fiddler's request for fees and costs is denied without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant the motion to remand for lack of jurisdiction.

                                                                    _____
                                                                    Samuel Der-Yeghiayan
                                                                    United States District Court Judge

Dated:   May 20, 2008